HENRY ALLEN v. DAVID TAYLOR and others.

A mortgagee having, before the mortgage debt became due, filed a bill to re-strain the commission of waste upon the mortgaged premises, may, after the mortgage money becomes due, file a supplemental bill, setting out by way of supplement that the money has become due, and praying additional relief, viz. that the equity of redemption may be foreclosed and the mort-gaged premises sold.

A strictly supplemental bill is always founded on facts that have occurred since the filing of the original bill. These may be necessary, either to aid the complainant in obtaining the relief sought, or in obtaining new or ad-ditional relief.

A supplemental bill should be used in preference to an original bill, whenever it can equally subserve the purposes of justice.

Where the new matter charged in a supplemental bill does not affect the rights or interests of a mere formal party to the original bill, it is not necessary to make him a party to the supplemental bill.

It is irregular to file a supplemental bill without leave for that purpose first ob-tained of the court.

But where no objection has been taken to the regularity of the proceedings on this ground, it will be considered as waived by a voluntary appearance and demurrer by the defendants.

*Eakin*, for defendants, in support of the demurrer.

*Jeffers*, for complainant, contra.

THE CHANCELLOR. Some time since, the complainant filed a simple injunction bill to prevent the further commission of waste on mortgaged premises. The defendants answered the bill, and upon the coming in of the answer the injunction was ordered to be dissolved. The order was not signed, nor was any applica-tion made to dismiss the bill. The mortgage money having be-come due, the complainant, in October, eighteen hundred and thirty-five, filed a supplemental bill, setting out that fact, and praying a decree for a foreclosure and sale of the mortgaged pre-mises. To this bill there is a demurrer.

In my opinion this demurrer is not well taken. The com-

[Allen v. Taylor et al.]

plainant is regularly in court by the original bill, which is filed on the same mortgage. That bill sets out the making and executing of the mortgage, the amount for which it was given, and when due and payable, and shows that the mortgage money was not then due. It charges the commission of waste, and prays an injunction. The injunction was granted. The defendants answered the bill, denying the waste, but admitting the mortgage as charged. On the coming in of the answer the injunction was ordered to be dissolved. The complainant filed a replication in season, and put the cause at issue. At this time, the mortgage money having become due, the complainant filed a supplemental bill; setting out by way of supplement, the fact that the money had become due, and praying additional relief, viz. that the equity of redemption should be foreclosed, and the mortgaged premises sold.

I think this may be done, consistently with the principles and practice applicable to bills of this character. A strictly supplemental bill is always founded on facts that have occurred since the filing of the bill. These may be necessary to aid the complainant in obtaining the relief sought, or in obtaining new or additional relief. Here the party seeks additional relief, and if all the parties are already in court, upon the same subject matter, I see no propriety in turning them round for the purpose of bringing a second suit. It is laid down as a rule in *Candler* v. *Pettit et al.*, 1 *Paige*, 169, that if the complainant's original bill is sufficient to entitle him to one kind of relief, and facts subsequently occur which entitle him to other or more extensive relief, he may have such relief by setting out the new matter in the form of a supplemental bill.

It may be that this principle is stated too broadly, but I think it may properly be applied to this case. It is said in *Eager* v. *Price et al.*, 2 *Paige*, 333, that the court will not permit a party to file two original bills, and carry on two suits at the same time against the defendant to satisfy the same debt. The expense of an original bill is much greater than of a supplemental bill, and the latter should be used whenever it can equal-

ly subserve the purposes of justice. In this case the party seeks two kinds of relief. They are different in character, but both grow out of the same instrument, the mortgage, and spring from the relation of mortgagor and mortgagee. They might have been asked for in one bill, if sufficient facts had existed at the filing of the original bill to warrant it; but that not being the case, it was necessary for the complainant to ask such relief as his case would warrant. Subsequent events have entitled him to more extensive and effectual aid, and I see nothing to prevent his obtaining it in the usual way by bill of supplement.

The new matters charged not affecting the rights or interests of Dobson, who is a mere formal party to the original bill, it was not necessary to make him a party to the supplemental bill.

While on this subject, I would remark, that this bill appears to have been filed without leave first obtained of the court. This is irregular. An application for leave should always be made. No notice is necessary, unless the court, in a case of doubt, shall direct it to be given. No objection having been taken to the regularity of the proceedings on this ground, it will be considered as waived by the voluntary appearance of the defendants, and the demurrer.

Let the demurrer be overruled.